STATE v. PRESSLEY.

STATE v. TROY VONROE PRESSLEY.

(Filed 2 March, 1966.)

**1. Criminal Law § 71—**

Whether a confession was freely and voluntarily made as prerequisite to its competency in evidence is to be determined by the trial court upon the *voir dire* from findings based on evidence, and when the court's findings are supported by competent evidence they are conclusive on appeal, although its conclusions of law from the facts found are not binding on the reviewing courts.

**2. Same—**

It is not error for the court, upon the *voir dire*, to admit in evidence defendant's FBI fingerprint record in order to show defendant's familiarity with criminal proceedings as bearing upon the voluntariness of his confession, provided the matter is heard only in the absence of the jury.

**3. Same—**

    Where the court finds upon supporting evidence that defendant was ad-
vised of his right to counsel, his right to refuse to make any admission,
that any statements he made could be used against him at the trial, his
right to use the telephone, and his right to testify on preliminary inquiry,
the court's action in admitting his confession in evidence will not be dis-
turbed.

MOORE, J., not sitting.

APPEAL by defendant from *Martin, E.J.*, November, 1965 Crim-
inal Session, BUNCOMBE Superior Court.

In this criminal prosecution the defendant, Troy Vonroe Press-
ley, and Harold Lawrence Cochran were indicted for the felonious
breaking and entering the Dutch Boy Drive In, located on High-
way No. 19-23 nine miles west of Asheville in Buncombe County.

The State's evidence disclosed that a passerby, Larry Murray,
by the light of his automobile, saw the defendant Cochran rush
from the front door of the Dutch Boy Drive In at about 1:00 a.m.
on June 18, 1965, get in an automobile parked nearby and drive off.
He saw the defendant Pressley about 50 yards away, "hitch-hik-
ing" towards Canton. Murray notified the owner of the Dutch Boy
and the officers who arrested both Cochran and Pressley.

The owner testified the plate glass front was smashed and
scratches were made on the juke box "where the money is kept."

After the arrest and while the defendants were in custody, each
admitted his participation in the breaking and each signed a state-
ment containing these admissions. At the trial Cochran pleaded
guilty and testified, admitting his participation and implicating
Pressley. The latter objected to the introduction of his admissions
upon the ground his constitutional rights were violated in procuring
them while he was in custody and without a preliminary hearing,
and without properly advising him as to his rights to refuse to
make incriminating admissions; and for these reasons they were in-
admissible in evidence against him.

The court, in the absence of the jury, conducted a preliminary
inquiry and, after hearing, concluded the admissions were voluntary
and admissible in evidence. During the hearing in the absence of
the jury the State had the officers identify a fingerprint record from
the FBI. The purpose seems to have been to show the court the de-
fendant's experience in criminal courts and knowledge of court pro-
cedure as bearing on the voluntariness of his confession. Neither on
the preliminary inquiry in the absence of the jury, nor in the trial
on the merits did the defendant testify or offer evidence.

STATE *v.* PRESSLEY.

The jury returned a verdict of guilty and from the judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*
*Sanford W. Brown for defendant appellant.*

HIGGINS, J. This Court is firmly committed to the rule that a defendant's confessions of guilt must have been freely and voluntarily made before they are admissible in evidence against him at his trial. The cases establishing the rule are analyzed and discussed by this Court in *State v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344. "When a confession is offered in evidence and challenged by objection, the court, in the absence of the jury, should determine whether the confession was free and voluntary. . . . In the establishment of a factual background by which to determine whether the confessions meet the tests of admissibility, the trial court must make the findings of fact. When the facts so found are supported by competent evidence, they are conclusive on appellate courts, both State and Federal. . . . Of course, the conclusions of law to be drawn from the facts found are not binding on the reviewing courts." *State v. Barnes, supra; State v. Davis*, 253 N.C. 86, 116 S.E. 2d 365; *Watts v. Indiana*, 338 U.S. 49.

The court, upon competent evidence, found facts fully justifying the conclusion the defendant's confession was voluntary and properly admissible in evidence against him. The officer testified and the court found the defendant was advised he had the right to counsel, to refuse to answer any questions, or to make any admissions; that any statements he made could be used against him at his trial; that he had a right to use the telephone (which he did); that he had a right to testify on the preliminary inquiry. This he refused to do. During all stages of the preliminary inquiry, the trial, and the preparation and presentation of the appeal, the defendant has been represented by his court-appointed counsel of record in this case. At the time when the FBI fingerprint record was identified, the jury was absent and the fingerprint record was never before it.

A careful review fails to disclose error of law in the trial.

No error.

MOORE, J., not sitting.